**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**


JOSE DAVID MENDEZ VASQUEZ,                                        PLAINTIFF

v.                                                        Case No. _____

**MARKWAYNE MULLIN**, Secretary, U.S. Department
of Homeland Security, in his official capacity;

**JOSEPH EDLOW**, Director, United States
Citizenship and Immigration Services, in his
official capacity;

**ROSE KENDRICK**, Acting Director, United
States Citizenship and Immigration Services,
National Benefits Center, in her official capacity.            DEFENDANT


**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION**
**UNDER THE ADMINISTRATIVE PROCEDURE ACT**


**INTRODUCTION**

1.      The Plaintiff files this complaint for declaratory relief and review of agency action under the administrative procedure act to challenge the federal government's unlawful termination of his Special Immigrant Juvenile Status ("SIJS") Deferred Action ("DA") as well as the revocation of his employment authorization document ("EAD") based on this DA.

2.      On July 22, 2024, the Kenton District Court in Kentucky found that both of the Plaintiff's parents neglected him and that it was not in his best interests to be returned to Guatemala. On December 16, 2024, the United States Citizenship and Immigration Services ("USCIS") granted the Plaintiff SIJS and DA. On November 5, 2025, USCIS approved and issued an employment authorization document to the Plaintiff that lasts until December 16,

1

2028. On January 20, 2026, USCIS issued a Termination Notice, terminating Plaintiff's DA. On January 26, 2026, USCIS issued a Notice of Intent to Revoke for the Plaintiff's employment authorization card.

3.     Plaintiff asks this Court to enjoin the Defendants from revoking his employment authorization document and further to compel them to reinstate his DA and employment authorization document.

## PARTIES

4.     **Plaintiff, Jose David Mendez Vasquez**, is a SIJ pursuant to 8 U.S.C. § 1101(a)(27)(J). He resides in Covington, Kentucky. He came to the United States as an unaccompanied child on July 8, 2021, from Guatemala, when he was fourteen years old. USCIS granted SIJS with DA to the Plaintiff on December 16, 2024. On November 5, 2025, USCIS approved and issued an employment authorization document to the Plaintiff that lasts until December 16, 2028. On January 20, 2026, USCIS issued a Termination Notice, terminating Plaintiff's DA. On January 26, 2026, USCIS issued a Notice of Intent to Revoke for the Plaintiff's employment authorization card.

5.     **Defendant U.S. Department of Homeland Security** ("DHS") is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(f)(1). Its components include USCIS and U.S. Immigration and Customs Enforcement ("ICE"). DHS, together with its component agency USCIS, is responsible for administering and implementing the SIJS program. USCIS reviews and adjudicates SIJS petitions, and by statute the Secretary of Homeland Security consents to each grant of SIJS. 8 U.S.C. § 1101(a)(27)(J)(iii).

6.      **Defendant Markwayne Mullin**, sued in his official capacity, is the Secretary of Homeland Security. Defendant Mullin directs and oversees DHS and each of the component agencies within DHS, including USCIS. He is the highest-ranking officer for DHS, including USCIS, which has exclusive jurisdiction to adjudicate petitions for SIJS and to consider granting deferred action. Defendant Mullin is responsible for implementing and enforcing immigration laws. Defendant Mullin has ultimate authority over the termination of the SIJS Deferred Action Policy.

7.      **Defendant USCIS** is the component of DHS that administers the adjudication of SIJS petitions, deferred action, and applications for EADs. USCIS administers immigration benefits and is an agency within the meaning of 5 U.S.C. § 551(f)(1).

8.      **Defendant Joseph Edlow**, sued in his official capacity, is the Director of USCIS.

9.      **Defendant Rose Kendrick**, sued in her official capacity, is the Acting Director of USCIS National Benefits Center, which adjudicates SIJS petitions, DA adjudications, and SIJS DA based EADs.

**<u>JURISDICTION</u>**

10.     This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and the laws of the United States. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

11.     This Court has additional remedial authority under 28 U.S.C. § 1331 (federal question), the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, 5 U.S.C. §§ 701-706 (APA), and the All Writs Act, 28 U.S.C. § 1651.

12.     This Court has jurisdiction to review the Plaintiff's claim under the APA unless "statues preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

**A.  5 U.S.C. § 701(a)(1) does not preclude judicial review of Plaintiff's complaint.**

13.     No statute precludes judicial review of the Defendants' revocation of the Plaintiff's DA and EAD under 5 U.S.C. § 701(a)(1).

14.     8 U.S.C. § 1252(a)(5) precludes judicial review of an order of removal, 8 U.S.C. § 1252(b)(9) precludes judicial review of questions of law or fact that arise from "any action taken or proceeding brought to remove an alien from the United States", and 8 U.S.C. § 1252(g) precludes judicial review "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." However, the Plaintiff is not requesting review of removal proceedings, a removal order, or any agency action arising from a removal case.

15.     The Plaintiff was previously in removal proceedings before the Memphis Immigration Court. However, Immigration Judge ("IJ") Kelly Johnson dismissed those proceedings on October 13, 2024, before the Defendants even granted the Plaintiff SIJS or DA. The Plaintiff is not currently in removal proceedings nor has he been issued a removal order.

16.     The Plaintiff instead is challenging the revocation of his DA and EAD, entirely apart from and unrelated to any removal proceedings and therefore 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252 (g) do not preclude judicial review. *See Inland Empire – Immigrant Youth Collective v. Nielsen*, 2018 WL 4998230 (C.D. Cal. 2018).

**B.  5 U.S.C. § 701(a)(2) does not preclude judicial review of Plaintiff's complaint.**

4

17.     Although 5 U.S.C. § 701(a)(2) does preclude judicial review to the extent that "agency action is committed to agency discretion by law," this jurisdictional bar is a narrow restraint on judicial review that only applies if the discretionary agency action is written in such a way "'that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Barrios Garcia v. U.S. Department of Homeland Security*, 25 F.4th 430, 446 (6th Cir. 2022) (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)). When an agency has created memoranda and standard operating procedures to guide their discretion, these documents give courts the necessary meaningful standards to assert their jurisdiction and review. *See Inland Empire – Immigrant Youth Collective*, 2018 WL 4998230, at *16; *Medina v. U.S. Department of Homeland Security*, 2017 WL 5176720, at *8 (W.D.Wa. Nov. 8, 2017).

18.     When USCIS granted the Plaintiff Special Immigrant Juvenile Status with a grant of Deferred Action on December 16, 2024, USCIS was operating under a policy manual which included Volume 6, Part J, Chapter 4 stating that,

> USCIS reserves the right to terminate the grant of deferred action and revoke the related employment authorization at any time as a matter of discretion. Examples may include, but are not limited to, cases where: USCIS determines the favorable exercise of discretion is no longer warranted; [t]he Form I-360 petition for SIJ classification is revoked; or [t]he prior deferred action and related employment authorization were granted in error.

*See* Exh. E. Further, in a policy alert dated March 7, 2022, USCIS states that all deferred action decisions must be made on a "case-by-case basis." *See* Exh. F., U.S. Citizenship & Immigr. Servs. Policy Alert, PA-2022-10, Special Immigrant Juvenile Classification and Deferred Action (Mar. 7, 2022). The pending litigation in *A.C.R. v. Noem*, 2025 WL 3228840 (E.D.Ny. Nov. 19, 2025) delineates how both of these policies should apply to the Plaintiff

based on the date that USCIS granted his DA. These policy memoranda give this Court the necessary meaningful standards to allow judicial review.

## VENUE

19.     Under 28 U.S.C. § 1391(e)(1), venue is proper because all three of the defendants are officers or employees of the United States, no real property is involved, and the Plaintiff resides within this Court's jurisdiction, in Covington, Kentucky.

## RELEVANT FACTS AND PROCEDURAL HISTORY

20.     The Plaintiff is a citizen of Guatemala and was born on May 15, 2007.

21.     The Plaintiff entered the United States on July 8, 2021 as an unaccompanied alien child.

22.     USCIS granted the Plaintiff Special Immigrant Juvenile Status and Deferred Action on December 16, 2024. *See* Exh. A.

23.     Based on this grant of Deferred Action, USCIS granted the Plaintiff an employment authorization card valid from November 4, 2025 until December 16, 2028. *See* Exh. B.

24.     On January 20, 2026, USCIS issued a Termination Notice terminating the Plaintiff's Special Immigrant Juvenile Deferred Action and giving the Plaintiff notice of their intent to revoke his deferred action-based employment authorization. *See* Exh. C. On January 26, 2026, USCIS issued a Notice of Intent to Revoke stating that USCIS was revoking the Plaintiff's employment authorization. *See* Exh. D.

## GROUNDS FOR RELIEF

**COUNT ONE**
**Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) for terminating Plaintiff's grant of Deferred Action arbitrarily, capriciously, and not in accordance with law**

25.     Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

26.     The APA empowers this Court to set aside a final agency action where, as here, the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

27.     Defendants arbitrarily and capriciously terminated Plaintiff's DA. The Termination Notice merely states that USCIS "has individually reviewed your case and exercised discretion to terminate your period of deferred action." Exh. C. That is the only explanation the Defendants offered for why they decided to terminate the Plaintiff's DA. The Defendants did not delineate any facts or circumstances in the Plaintiff's case that led to this termination. This is both arbitrary and capricious.

28.     None of the examples that USCIS listed in their policy manual to warrant termination of DA apply to the Plaintiff. *See* U.S. Citizenship & Immigr. Servs., USCIS Policy Manual, volume 6, part J, chapter 4. USCIS has not identified any facts or circumstances, specific to the Plaintiff, that have occurred since December 16, 2024, that would make USCIS find that he no longer merits a favorable exercise of discretion. USCIS has not revoked the Plaintiff's SIJ classification. USCIS has not found that they erred in initially granting the Plaintiff's deferred action and related employment authorization.

29.     Even though in its termination letter USCIS claims that it did individually review the Plaintiff's case, the Defendants have shown no evidence that they have engaged in a case-by-case review. *See* U.S. Citizenship & Immigr. Servs. Policy Alert, PA-2022-10, Special

7

Immigrant Juvenile Classification and Deferred Action (Mar. 7, 2022). The Defendants did not list one single reason that the Plaintiff's case specifically led them to conclude that he no longer merits a grant of deferred action.

30.     Defendants termination of Plaintiff's grant of DA, without any reasoning whatsoever, is arbitrary, capricious, an abuse of discretion, and not in accordance with law as set forth above.

## **REQUEST FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue a declaration that USCIS' revocation of Special Immigrant Juvenile based deferred action, without a case-by-case analysis, is arbitrary, capricious, and not in accordance with the law;

(3) Enter an Order compelling Defendants to reinstate Plaintiff's Special Immigrant Juvenile based grant of deferred action and employment authorization;

(4) Award reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

(5) Order further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ *Katherine Taylor*
Katherine Jane Taylor, KY97784
Neighbors Immigration Clinic
P.O. Box 1034
Lexington, KY 40588

859-699-6948
katie@kyneighborsclinic.org

*Counsel for Petitioner*

Dated: 05/11/2026

## **VERIFICATION**

I, Katherine Jane Taylor, declare under penalty of perjury as follows:

1.      I am an attorney admitted to practice before this Court.

2.      I represent Jose David Mendez Vasquez, and have represented him from September 11, 2024 to the present.

3.      I make this verification as someone acting on behalf of Jose David Mendez Vasquez, pursuant to 28 U.S.C. §2242.

4.      I have read the foregoing Petition and wrote it.  I am thoroughly familiar with the contents of the Petition.  Some of the information contained in the Petition is information that I know to be true and correct based on my personal knowledge.  The remaining information in the Petition is true and correct to the best of my knowledge, information, belief, and understanding.

I declare under penalty of perjury pursuant to the laws of the Commonwealth of Kentucky and the United States of America that the foregoing is true and correct, to the best of my current knowledge, information, belief, and understanding.


Executed this 11th day of May 2026 in Lexington, Kentucky.


                                        /s/ *Katherine Taylor*
                                        Katherine Jane Taylor, KY97784
                                        Neighbors Immigration Clinic
                                        P.O. Box 1034
                                        Lexington, KY 40588
                                        859-699-6948
                                        katie@kyneighborsclinic.org

10

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on May 11, 2026, I electronically filed the foregoing Complaint for Declaratory

Relief and Review of Agency Action Under the Administrative Procedure Act and

accompanying Exhibits with the Clerk of the Court for the United States District Court for the

Western District of Kentucky using the CM/ECF system. Service will therefore be effected by

the CM/ECF system.

/s/ *Katherine Taylor*
Katherine Jane Taylor, KY97784
Neighbors Immigration Clinic
P.O. Box 1034
Lexington, KY 40588
859-699-6948
katie@kyneighborsclinic.org